PETER R. DION-KINDEM (SBN 95267)
THE DION-KINDEM LAW FIRM
PETER R. DION-KINDEM, P. C.
21550 Oxnard Street, Suite 900
Woodland Hills, California 91367
Telephone:     (818) 883-4900
Fax:              (818) 883-4902
Email:          peter@dion-kindemlaw.com

LONNIE C. BLANCHARD, III (SBN 93530)
THE BLANCHARD LAW GROUP, APC
3311 East Pico Boulevard
Los Angeles, CA 90023
Telephone:     (213) 599-8255
Fax:              (213) 402-3949
Email:          lonnieblanchard@gmail.com

Attorneys for Plaintiff Michael Peikoff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Michael Peikoff, on behalf of himself and all others similarly situated,<br><br>     Plaintiff,<br><br>     vs.<br><br>Paramount Pictures Corporation, and Does 1 through 10,<br><br>          Defendants. | **Case No.**<br>**CLASS ACTION**<br><br>**Complaint and Demand for Jury Trial** |

Plaintiff Michael Peikoff ("Plaintiff") alleges:

1.     This class action alleges that certain policies and practices followed by Defendants Paramount Pictures Corporation and the Doe Defendants in furnishing, using, procuring, and/or causing to be procured consumer reports for employment purposes violate the provisions of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. 1681, *et seq*. Specifically, Defendants violated Section 1681b(b) of the FCRA by furnishing, using, procuring, and/or causing to be procured consumer reports for employment purposes by failing to make proper disclosures required thereunder

**Complaint**
1

and/or by failing to make and/or obtain the required certifications required thereunder.

## JURISDICTION AND VENUE

2.      The Court has jurisdiction under 15 U.S.C. Section 1681p.

3.      Venue is proper in this Court under 28 U.S.C. Section 1391(b) because the Defendants regularly do business in this district.

## INTRADISTRICT ASSIGNMENT

4.      This matter is properly assigned to the San Francisco or Oakland Division of this District pursuant to Civil Local Rule 3-2 because Defendant Paramount does business in such Division.

## PARTIES

5.      Michael Peikoff ("Plaintiff") is a resident of California and is a "consumer" protected by the FCRA.

6.      The FCRA defines a "person" as ". . . any individual, partnership, corporation, trust, estate, cooperative, association, government or governmental sub-division, or other entity."

7.      Defendant Paramount Pictures Corporation ("Paramount") is believed to be Delaware corporation. Paramount is a "person" as defined by the FCRA.

8.      The FCRA defines a "consumer report" as "any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, mode of living which is used or expected to be used for. . . (B) employment purposes."

9.      Paramount, as standard practice, routinely procures or causes to be procured "consumer reports" from consumer reporting agencies about its employees or prospective employees for employment purposes.

10.     Plaintiff does not presently know the true names and capacities of the defendants named as Does 1 through 10 and therefore sues such defendants by these fictitious names. Plaintiff believes that the Doe Defendants are persons or entities who are involved in the acts set forth below, either as

independent contractors, suppliers, agents, servants or employees of the known defendants, or through entering into a conspiracy and agreement with the known Defendants to perform these acts, for financial gain and profit, in violation of Plaintiff's and Class Members' rights. Plaintiff will request leave of Court to amend this Complaint to set forth their true names, identities and capacities when Plaintiff ascertains them.

11.   Each of the Defendants has been or is the principal, officer, director, agent, employee, representative and/or co-conspirator of each of the other defendants and in such capacity or capacities participated in the acts or conduct alleged herein and incurred liability therefor. At an unknown time, some or all of the Defendants entered into a conspiracy with other of the Defendants to commit the wrongful acts described herein. These wrongful acts were committed in furtherance of such conspiracy. Defendants aided and abetted each other in committing the wrongful acts alleged herein. Each of the Defendants acted for personal gain or in furtherance of their own financial advantage in effecting the acts alleged herein.

### First Claim for Relief against Defendant Paramount Pictures Corporation

### Violation of 15 U.S.C. Section 1681b(b)(2)

12.   Plaintiff realleges all of the preceding paragraphs.

13.   15 U.S.C. Section 1681b(b) regulates the conduct of "persons" who furnish, use, procure or cause to be procured a "consumer report" for employment purposes as follows:

> (b) Conditions for furnishing and using consumer reports for employment purposes
>
>> (1) Certification from user
>
> A consumer reporting agency may furnish a consumer report for employment purposes only if --
>
>> (A) the person who obtains such report from the agency certifies to the agency that--
>
>>> (i) the person has complied with paragraph (2) with respect to the consumer report, and the person will comply with paragraph (3) with respect to the consumer report if paragraph (3) becomes applicable; and

(ii) information from the consumer report will not be used in violation of any applicable Federal or State equal employment opportunity law or regulation; and

(B) the consumer reporting agency provides with the report, or has previously provided, a summary of the consumer's rights under this subchapter, as prescribed by the Bureau under section 1681g(c)(3) of this title.

(2) Disclosure to consumer

(A) In general

Except as provided in subparagraph (B), a person may not procure a consumer report, or cause a consumer report to be procured, for employment purposes with respect to any consumer, unless--

(i) a clear and conspicuous disclosure has been made in writing to the consumer at any time before the report is procured or caused to be procured, in a document that consists solely of the disclosure, that a consumer report may be obtained for employment purposes; and

(ii) the consumer has authorized in writing (which authorization may be made on the document referred to in clause (i)) the procurement of the report by that person. . . .

14.     In or about February 2011, Plaintiff applied for a job with Paramount. As part of the application process, Plaintiff was presented with and executed an application that included the following language:

I authorize the references listed above, as well as other individuals whom Paramount contacts, to provide Paramount with any and all information concerning my previous employment and any other pertinent information.  Further, I release all parties and persons from all liability from any damages that may result from furnishing such information to Paramount as well as from any use or disclosure of such information by Paramount or any of its agents, employees or representatives.

15.     Thereafter, Paramount procured or caused to be procured a consumer report regarding Plaintiff from a credit reporting agency.

16.     Paramount violated Section 1681b(b)(2) by procuring or causing to be procured consumer reports for employment purposes regarding Plaintiff and other class members without making the required disclosure "in a document that consists solely of the disclosure" by including the disclosure and authorization form in an application for employment and to obtain a release of

claims from Plaintiff and other class members.

17. Paramount knew or should have known about its legal obligations under the FCRA. Paramount obtained or had available substantial written materials that apprised it of its duties under the FCRA. Any reasonable employer or consumer reporting agency knows about or can easily discover these obligations. Paramount either knew or recklessly failed to know the disclosure requirements of Section 1681b(b)(2) and knew or recklessly failed to know that using a disclosure form and authorization form in an application for employment was facially contrary to the express language of Section 1681b(b)(2) and all of the administrative guidance available and violated the law. Despite knowing of these legal obligations, Paramount intentionally and/or recklessly acted consciously in breaching its known duties and depriving Plaintiff and other Class members their rights under the FCRA.

18. As a result of these FCRA violations, Paramount is liable for statutory damages from $100 to $1,000 for each violation pursuant to 15 U.S.C. Section 1681n(a)(1)(A), punitive damages pursuant to 15 U.S.C. Section 1681n(a)(2), and attorney's fees and costs pursuant to Section 1681n and Section 1681o.

19. 15 U.S.C.A. § 1681p provides:

> An action to enforce any liability created under this subchapter may be brought in any appropriate United States district court, without regard to the amount in controversy, or in any other court of competent jurisdiction, not later than the earlier of—
>
> (1) 2 years after the date of discovery by the plaintiff of the violation that is the basis for such liability; or
>
> (2) 5 years after the date on which the violation that is the basis for such liability occurs.

20. The violation that is the basis of liability of this claim is the procurement or the causing of the procurement of a consumer report without making the required disclosure "in a document that consists solely of the disclosure" by using the disclosure and authorization form to obtain indemnity and a release of claims from consumers.

21. Plaintiff discovered Defendant Paramount's violation(s) within the last two years when he

learned for the first time that Defendant Paramount had in fact procured and/or caused to be procured a "consumer report" regarding him for employment purposes based on the illegal disclosure and authorization form.

## CLASS ACTION ALLEGATIONS

22. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiff brings this claim for himself and on behalf of a class initially defined as follows:

**Paramount Class**

All persons residing in the United States (including all territories and other political subdivisions of the United States) as to whom Paramount or any of its related companies procured or caused to be procured a consumer report for employment purposes within the period prescribed by FCRA, 15 U.S.C. §1681p without first providing a clear and conspicuous disclosure in writing to the consumer at any time before the report was procured or caused to be procured, in a document that consists solely of the disclosure, that a consumer report may be obtained for employment purposes.

23. **Numerosity. Fed. R. Civ. P. 23(a)(1).** The members of the Class are believed to be in excess of 500 and are so numerous that joinder of all members is impractical. The names and addresses of the Class members are identifiable through documents maintained by the Defendants, and the Class members may be notified of the pendency of this action by published and/or mailed notice.

24. **Existence and Predominance of Common Questions of Law and Fact. Fed. R. Civ. P. 23(a)(2).** Common questions of law and fact exist as to all members of the Class. These questions predominate over the questions affecting only individual members. These common legal and factual questions include, among other things:

a. Whether Defendants violated Section 1681b(b) by procuring or causing to be procured consumer reports for employment purposes without making the required disclosure "in a document that consists solely of the disclosure" as required by Section 1681b(b)(2)(A)(i).

b. Whether Defendant's violations were willful.

25. **Typicality. Fed. R. Civ. P. 23(a)(3).** Plaintiff's class claims are typical of the claims of Class members. Plaintiff for class certification purposes seeks only statutory and punitive damages. In

addition, Plaintiff is entitled to relief under the class claims as the other members of the Class.

26. **Adequacy. Fed. R. Civ. P. 23(a)(4).** Plaintiff is an adequate representative of the Classes because Plaintiff's interests coincide with, and are not antagonistic to, the interests of the members of the Class Plaintiff seeks to represent. Plaintiff has retained counsel competent and experienced in class action litigation, and Plaintiff intends to prosecute this action vigorously. The interests of members of the Class will be fairly and adequately protected by Plaintiff and Plaintiff's counsel.

27. **Superiority. Fed. R. Civ. P. 23(b)(3).** Questions of law and fact common to the Class members predominate over questions affecting only individual members, and a class action is superior to other available methods for fair and efficient adjudication of the controversy. The statutory and punitive damages sought by each member are such that individual prosecution would prove burdensome and expensive given the complex and extensive litigation necessitated by Defendants' conduct. It would be virtually impossible for the members of the Class individually to redress effectively the wrongs done to them. Even if the members of the Class themselves could afford such individual litigation, it would be an unnecessary burden on the Courts. Furthermore, individualized litigation presents a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and to the court system presented by the complex legal and factual issues raised by Defendants' conduct. By contrast, the class action device will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proof in a case.

WHEREFORE, Plaintiff demands a jury trial and requests that judgment be entered against all Defendants as follows:

1. For an order certifying the proposed FCRA classes under Federal Rule 23 and appointing Plaintiff and Plaintiff's undersigned counsel of record to represent same;

2. For statutory damages;

3. For punitive damages;

4. For attorney's fees and costs;

**Complaint**

7

5.    For interest as provided by law;

6.    For such other and further relief as the Court deems proper.

Dated: January 7, 2015          THE DION-KINDEM LAW FIRM

By: _____
        PETER R. DION-KINDEM, P.C.
        PETER R. DION-KINDEM
        Attorney for Plaintiff Michael Peikoff