UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MICHAEL PEIKOFF,

    Plaintiff,

    v.

PARAMOUNT PICTURES CORPORATION,

    Defendant.

Case No. 15-cv-00068-VC

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

Re: Docket No. 13

The motion to dismiss is granted.

The plaintiff alleges that Paramount violated the Fair Credit Reporting Act's ("FCRA") requirements for disclosure of consumer reports. In relevant part, 15 U.S.C. § 1681b provides:

> [A] person may not procure a consumer report, or cause a consumer report to be procured, for employment purposes with respect to any consumer, unless--
> (i) a clear and conspicuous disclosure has been made in writing to the consumer at any time before the report is procured or caused to be procured, *in a document that consists solely of the disclosure*, that a consumer report may be obtained for employment purposes; and
> (ii) the consumer has authorized in writing (*which authorization may be made on the document referred to in clause (i)*) the procurement of the report by that person.

15 U.S.C. § 1681b(b)(2)(A) (emphasis added).

The plaintiff alleges that Paramount violated the above provision of the FCRA by including in its disclosure form a certification that the information provided by the plaintiff for the purpose of obtaining the consumer report was true and correct. The disclosure provided:

> I understand that I am entitled to a complete and accurate disclosure of the nature and scope of any investigative consumer report of which I am the subject upon my written request to Kroll, if such is made within a reasonable time after the date hereof. I also understand that I may receive a written summary of my rights under 15 U.S.C. § 1681 et. seq. I agree that this authorization shall remain valid for the duration of my employment with Company. *I certify that the information contained on this Authorization form is true and correct and that my application may be terminated based on any false, omitted, or fraudulent information*.

FAC ¶ 15 & Ex. 1 (emphasis added).

The plaintiff seeks statutory and punitive damages, which requires him to allege that defendants "willfully fail[ed] to comply with the requirements of [the statute]." 15 U.S.C. § 1681n(a). In *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47 (2007), the Supreme Court held that the FCRA's use of the term "willfully" requires a plaintiff to show that the defendant's conduct was intentional or reckless. *Id.* at 57. "Thus, a company subject to FCRA does not act in reckless disregard of it unless the action is not only a violation under a reasonable reading of the statute's terms, but shows that the company ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless." *Id.* at 69.

A number of district courts have found that the inclusion of a liability waiver provision in an FCRA disclosure to violate § 1681b(b)'s requirement that the document "consists solely of the disclosure," 15 U.S.C. § 1681b(b)(2)(A)(i). *See, e.g.*, *Reardon v. ClosetMaid Corp.*, No. 2:08–1730, 2013 WL 6231606 (W.D. Pa. Dec. 2, 2013); *Waverly Partners*, No. 3:10–28, 2012 WL 3645324 (W.D.N.C. Aug. 23, 2012); *Singleton v. Domino's Pizza*, No. 11–1823, 2012 WL 245965 (D. Md. Jan. 25, 2012). *But see Syed v. M-I LLC*, No. CIV. 1:14-742 WBS, 2014 WL 5426862, at *4 (E.D. Cal. Oct. 23, 2014) (finding "no support for plaintiff's allegation" of a willful violation of the FCRA based on the inclusion of release and indemnity language in the defendant's disclosure form.) However, the liability waivers at issue in those cases were independent from the disclosure and authorization. The one-sentence certification Paramount included in its disclosure form, if not a part of the statutorily permitted authorization, was closely related to it, and would similarly serve to "focus the consumer's attention on the disclosure." *See* Letter from William Haynes, Attorney, Div. of Credit Practices, Fed. Trade Comm'n, to Harold Hawkey, Emp'rs Assoc. of N.J. (Dec. 18, 1997), 1997 WL 33791224, at *3. Therefore, even if inclusion of the certification in Paramount's disclosure form did not comply with a strict reading of § 1681b(b)(2)(A)'s requirement that the document consist solely of the disclosure and the authorization, it is not plausible that Paramount acted in reckless disregard of the requirements of the FCRA by using this language.[1]

---

[1] Nor is it plausible that Paramount violated the FCRA by obtaining the credit checks pursuant to the release found elsewhere in its employment application, rather than its FCRA disclosure and authorization form.

2

Accordingly, the motion to dismiss is granted. And because any amendment would be futile, the dismissal is with prejudice.

**IT IS SO ORDERED.**

Dated: March 25, 2015

VINCE CHHABRIA
United States District Judge